**CITY OF PHILADELPHIA, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ROONEY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 31, 1998.
Decided May 27, 1999.

William C. McGovern, Philadelphia, for petitioner.

Jack Famiglietti, Philadelphia, for respondent.

Before FLAHERTY, J., LEADBETTER, J., and NARICK, Senior Judge.

FLAHERTY, Judge.

The City of Philadelphia (City) appeals from an order of the Workers' Compensation Appeal Board (Board) which affirmed as modified the decision of the Workers' Compensation Judge (WCJ) which granted benefits to Michael Rooney (Claimant). We affirm the WCJ's decision to close the

record but vacate and remand for specific findings to be made.

This case concerns two claim petitions filed by Claimant on June 26, 1992, wherein he alleged that on May 17, 1992, an injury to his neck and shoulders occurred in the course of employment when he carried a fire hose up and down steps. In the second petition, Claimant alleged that he was disabled as a result of heart and lung disease/asbestosis due to repeated exposure to smoke, fumes, gasses and asbestos while in the course and scope of his employment.

At the initial hearing before WCJ Lundy on September 22, 1992, Claimant testified on his own behalf. Thereafter, hearings scheduled for December 15, 1992, March 30, 1993, September 30, 1993 and December 7, 1993 were continued. At a hearing scheduled June 28, 1994, Claimant introduced the deposition testimony of Dr. Shubin. No one appeared on behalf of the City. Apparently, the City Solicitor's office transferred the defense of the case to present counsel. However, present counsel did not have notice of the scheduled hearing. WCJ Arrington, who was sitting in place of WCJ Lundy, requested by letter that the City explain its position. Counsel explained the City's non-appearance by letter. Thereafter, another hearing was scheduled for September 27, 1994. Defense counsel was in the WCJ's hearing room on other matters when he learned of the hearing. Counsel explained that he did not receive notice. WCJ Arrington granted a continuance but wrote on the order that "the defendant's deposition must be done by November 19th 1994. Relist the medical deposition for November of 1994. The depositions must be done by then and close." (R.R. at 149a.)

On December 6, 1994, a hearing was held before WCJ Lundy. The City requested a continuance in order to depose its physicians, Dr. Epstein and Dr. Williams. Stating that the depositions should have been completed, WCJ Lundy closed the record.

In a decision dated September 20, 1996, WCJ Lundy accepted the testimony of Claimant and his medical experts as credible and awarded Claimant total disability benefits. On appeal, the Board affirmed but modified benefits to reflect Claimant's other employment. This appeal by City followed.

■ Initially, City maintains that the WCJ erred in denying its request for a continuance in order to produce medical evidence and closing the record. As City correctly states, due process requires that a party have an opportunity to present its case. *Mrs. Smith Pie Co. v. Workmen's Compensation Appeal Board*, 57 Pa. Cmwlth. 274, 426 A.2d 209 (1981). In this case, City did have opportunities to present its case, but even after the WCJ warned that the record would be closed if it failed to meet the deadline imposed by the WCJ, City did not comply with the WCJ's directive.

■ A WCJ's decision to grant or refuse a continuance is discretionary and subject to review only on a clear showing of an abuse of discretion. *Rabenstein v. State Workmen's Insurance Fund*, 15 Pa. Cmwlth. 160, 325 A.2d 681 (1974). Here, the WCJ did not clearly abuse his discretion in refusing to keep the record open. On two occasions, the City was not prepared to participate in the scheduled WCJ hearing. City admits that its failure to receive notice of the hearings was not attributable to Claimant or the WCJ but rather was due its decision to change counsel. (City's brief at 12.) Thereafter, the WCJ warned counsel that depositions of its medical witnesses must be completed by November 19, 1994 or the record would be closed. According to City, Claimant was scheduled for an examination before Dr. Williams in February 1994. Due to the doctor's schedule however, the examination was cancelled. Claimant and his attorney claimed not to have received notice of a subsequently scheduled exam with Dr. Williams. Although Claimant was ex-

amined by Dr. Epstein in October 1994, Employer did not have his report or deposition as of the December 6, 1994, WCJ hearing.

■ In this case, City was warned that failure to depose its medical witnesses within the WCJ imposed deadline would result in the closing of the case. City did not comply with the deadline and under such circumstances, the WCJ did not abuse his discretion in closing the record.

Next, City maintains that Claimant is not entitled to disability because he voluntarily retired from his employment and that the WCJ erred in awarding Claimant total disability benefits as he is working at another job. Initially, we observe that although the WCJ awarded Claimant total disability benefits, the Board reduced the award to partial disability because Claimant continues to work for Standard Glass. Although there is no finding concerning Claimant's employment with Standard Glass, Claimant testified that he works for Standard Glass making drawings of construction, approximately 24 hours per week and has done so for the past 7 years. (R.R. at 32a, 45a.) Claimant's counsel indicated a willingness to stipulate to Claimant's earnings and partial disability, as such the Board did not remand the case to the WCJ.

■ Concerning Claimant's retirement from the City, Claimant testified, that he wrote a letter to the Commissioner informing him that he was retiring because of his injuries. A claimant has not voluntarily withdrawn from the labor market if his retirement is caused by the work injury. *Schmidt v. Workmen's Compensation Appeal Board (Fetch)*, 140 Pa.Cmwlth. 590, 594 A.2d 812 (1991). However, there is no finding by the WCJ as to whether Claimant retired because of his work injury. More importantly, there are no findings by the WCJ concerning whether Claimant was or was not capable of performing the light-duty job with the City that he performed for one month prior to his retirement at his full pay.

■ "[E]ntitlement to benefits under the Act is contingent upon proof that the claimant suffered an injury or disease in the work place *and* the injury or disease affects his or her ability to earn a wage." *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 36, 640 A.2d 1266, 1268 (1994)(emphasis in original). In this case, there is no finding by the WCJ as to whether Claimant could or could not perform the light-duty job which Claimant had been performing for one month prior to his retirement. Although Claimant testified that he could not perform the sedentary job, Dr. Gerber, whom the WCJ found credible testified that Claimant was capable of performing light semi-sedentary work. (WCJ's F.F. 6.b.) "A disability which forces a claimant out of the work force and into retirement is compensable under the Act. But, where the claimant suffers a disability which has no effect upon his earning power, no entitlement to benefits arises under the Act." *Id.* at 37, 640 A.2d at 1269. As there are no findings as to whether Claimant could or could not perform the sedentary job with the City, we are unable to determine to what degree, if any, Claimant's earning power was affected.

Accordingly, we affirm that portion of the Board's order which determined that the WCJ did not abuse his discretion in denying City's request for a continuance and closing the record. We vacate the order of the Board in all other respects and remand the case with instructions that it remand to the WCJ. On remand the WCJ, based on the record before him, shall make findings concerning Claimant's retirement, whether Claimant is capable of performing the light-duty job with the City and shall determine as a result thereof Claimant's entitlement to benefits.

*O R D E R*

NOW, May 27, 1999, the order of the Workers' Compensation Appeal Board at

No. A96–3970, dated August 20, 1998, is affirmed to the extent that it affirms the WCJ's decision closing the record. The remainder of the Board's order is vacated and we remand with instructions that it remand the case to the WCJ. On remand, the WCJ, based on the record before him, shall make findings concerning Claimant's retirement, whether Claimant is capable of performing the light-duty job with the City and shall determine as a result thereof Claimant's entitlement to benefits.

Jurisdiction relinquished.