Deborah ROUNDTREE, Petitioner

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (CITY OF PHIL-
ADELPHIA), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 10, 2015.
Decided May 8, 2015.

Deborah Roundtree, pro se.

BEFORE: DAN PELLEGRINI, President Judge, P. KEVIN BROBSON, Judge, and JAMES GARDNER COLINS, Senior Judge.

OPINION BY President Judge DAN PELLEGRINI.

Deborah Roundtree (Claimant) petitions *pro se* for review of an order of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) order dismissing her claim petition for workers' compensation benefits (claim petition). For the reasons that follow, we affirm.

## I.

In October 2010, Claimant filed a claim petition under the Workers' Compensation Act (Act),[1] asserting that in October 2007, while employed as a Forensic Technician with the City of Philadelphia (Employer), she sustained "[m]ajor [d]epressive disorder, recurrent, severe without psychotic features", when she was exposed to long-term harassment, a hostile work environment causing her occupational disease, and race, gender, and age discrimination. (Claim Petition, ¶ 1.) She also described her illness as including a "severely depressed mood, loss of interest in normal activities, fatigue, agitation, very poor concentration, loss of appetite, difficulty initiating and maintaining sleep, recurrent thoughts of death, nausea, diarrhea, fibromyalgia and extreme mental anguish. Claimant's entire body and mind are affected." (*Id.*) She sought payment of medical bills, attorneys' fees, and full disability benefits as of October 17, 2007. Employer filed an answer denying Claimant's allegations, and the parties underwent mandatory mediation without success.

Subsequently, a hearing was held before the WCJ on February 11, 2011, which Claimant did not attend. Four more hearings were held on March 25, 2011, April 20, 2011, October 26, 2011, and December 14, 2011. Claimant attended the March 25th hearing without counsel, and the WCJ indicated that another hearing would be held in thirty days at which Claimant would be given the opportunity to testify and present medical evidence. At that hearing on April 20th, Claimant testified but did not offer any medical evidence. The WCJ specifically informed Claimant, "Then what I'll do is I'll put in to relist the case in about 90 days.... And so at the next listing, you should be prepared to proceed with your medical evidence or psychological evidence or whatever you choose to present." (4/20/11 Hearing Transcript, at 107.)

At the next hearing on October 26th, Claimant attempted to enter her medical records into evidence, and Employer's counsel objected on the grounds of hearsay. The WCJ advised Claimant that the

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708.

medical records could be admitted if Claimant wished to limit her claim to 52 weeks but otherwise, medical testimony would be required. The WCJ further provided Claimant thirty days to determine whether to depose a medical expert or so limit her claim, explaining:

Well, your claim has been open now since November of 2010. So by now, you should have known how you wanted to proceed. I am quite sure I advised you of this in April, that you will have to have medical testimony—a deposition, not records—if your claim is going to be more than 52 weeks of wage-loss benefits. I will give you a little bit more time to figure that out, but you have to make a decision or your claim's going to be dismissed, or the record closed; okay?

(10/26/11 Hearing Transcript, at 10.)

At the close of the hearing, the WCJ reiterated:

I'm going to relist this case in 30 days; all right? And I'm telling you right now, in 30 days you have to make a decision whether you're going to get a medical expert and take a deposition. If you're going to do that, I want it scheduled in the next 30 days. It doesn't have to take place in 30 days, but I want it scheduled; okay?

\* \* \*

[T]he case has been open for a year, and essentially nothing other than your testimony has gone on. Typically, you get 90 days to finish your case. Because you're unrepresented, I'm giving you extra time. But this is it. In 30 days, I want either medical testimony or other expert testimony, such as the psycholo-

gist or somebody scheduled, or your decision that you're going to limit your claim to 52 weeks or less . . .

(*Id.* at 14.)

At the final hearing on December 14, 2011, Claimant did not provide any additional evidence and indicated that she had not yet scheduled the deposition of a medical expert. Employer's counsel moved to dismiss the case, and the WCJ granted the motion without prejudice, indicating that she would provide Claimant the opportunity to refile the matter if she could get the requisite medical evidence in order. The WCJ again explained:

I've extended more than enough time for you to compile your evidence. I told you I know that I advised you that you needed to have medical evidence and I know that [the WCJ] at the last listing was pretty specific about what you needed to do and when you needed to get it done. And at this point, you're here today with no additional evidence, no doctor's deposition date scheduled, nothing to even indicate to me that you are, in fact, attempting to move forward with this case. I recognize that you have a back injury and I recognize that you suffer from depression, but you were directed pretty specifically to schedule a doctor's dep[osition] or to get doctor's testimony done. So at this point I'm going to entertain the [Employer]'s motion.

(12/14/11 Hearing Transcript, at 5–6.)

## II.

Claimant appealed to the Board, which affirmed the WCJ's decision, emphasizing that pursuant to 34 Pa.Code § 131.13(b),[2] a WCJ has discretion to dismiss a claim

---

2. Regarding continuances and postponements of hearings, the Special Rules of Administrative Practice and Procedure state, "Parties shall make every effort to avoid continuances or postponements by the prompt scheduling and submission of expert and medical testimony and by the prompt presentation of lay testimony." 34 Pa.Code § 131.13(b).

petition when a claimant fails to satisfy the deadlines established by the WCJ. The Board explained that although Claimant was provided ample time and was informed repeatedly that she needed to obtain medical testimony to support her claim, she failed to do so.[3] This appeal followed.

## III.

### A.

■ On appeal,[4] Claimant contends that as a disabled layperson, she should have been provided more time to present her medical evidence. She states that while she did attempt to obtain such evidence from numerous providers, the providers neglected to return her phone calls and/or declined to get involved in the litigation and that dismissal of her case under these facts deprived her of her due process rights.

■ Indeed, due process requires that a party be provided an opportunity to present its case. *See City of Philadelphia v. Workers' Compensation Appeal Board (Rooney)*, 730 A.2d 1051, 1052 (Pa.Cmwlth. 1999). However, a WCJ's denial of a request for a continuance is not necessarily tantamount to a deprivation of one's due process rights. *See id.* Rather, a WCJ's decision to grant or deny a request for a continuance is discretionary and subject to review only upon a clear showing of an abuse of discretion. *Id.*

While 34 Pa.Code § 131.13(b) sets forth the overarching principle that depositions of medical experts should be scheduled promptly to avoid delay and postponements, 34 Pa.Code § 131.13(j) lists several factors a WCJ may consider in adjudicating a request for a continuance or postponement:

(1) The positions of the various parties relating to the request for a continuance or postponement.

(2) The number of prior continuances or postponements or denials of continuances or postponements and at whose request they were granted or denied.

(3) Whether the requested continuance or postponement will work an undue hardship on a party.

(4) The unavailability of the parties, witnesses or counsel.

(5) The illness or death of the parties or counsel or members of their immediate families.

(6) The desirability of unrepresented parties obtaining counsel.

(7) The necessity to replace the services of an expert witness who becomes unavailable.

(8) Another reason deemed by the judge to be for good cause shown and consistent with this chapter and the purposes of the act and the Disease Law.

34 Pa.Code § 131.13(j).

In the instant case, Employer opposed any further extensions and, in fact, moved to dismiss Claimant's case *with prejudice.* Although Claimant did not attend the first hearing held on February 11, 2011, she

---

3. The Board further noted that while Claimant asserted that she has evidence and witness testimony that was not entered into the record, none of the alleged testimony pertained to medical testimony which was necessary to support her claim.

4. We review Board decisions to determine whether errors of law were made, constitutional rights were violated, and whether necessary findings of fact are supported by substantial evidence. *Ward v. Workers' Compensation Appeal Board (City of Philadelphia)*, 966 A.2d 1159, 1162 n. 4 (Pa. Cmwlth.), *appeal denied*, 603 Pa. 687, 982 A.2d 1229 (2009).

was advised as early as March 25, 2011, of the need to present medical evidence at the next hearing but nonetheless presented no such evidence on April 20, 2011. At the April and October 2011 hearings, the WCJ specifically advised Claimant that she needed to present medical testimony if she desired to pursue a claim for wage loss in excess of 52 weeks. The WCJ went so far as to advise Claimant of the date by which she needed to schedule the medical deposition and the type of expert she could depose. Despite these specific directives, Claimant failed to present any medical evidence or even to schedule a deposition by December 14, 2011, and the only explanation she provided was that she is unrepresented. As the WCJ aptly noted, Claimant took no action between the April 20th and December 14th hearings to advance her case. While the WCJ recognized Claimant's difficulties in proceeding *pro se,* she disallowed any further continuances, explaining that generally, a claimant's case should be closed within ninety days and that she already allowed Claimant over a year to present her case. Nonetheless, the WCJ dismissed Claimant's claim petition without prejudice, providing her an opportunity to re-file her claim if she obtained the necessary evidence.

Applying those actions to the various factors set forth in 34 Pa.Code § 131.13(j), it is clear that the WCJ did not abuse her discretion in denying further continuance of Claimant's case. The dismissal of her claim petition was solely the result of Claimant's repeated failure to adhere to the deadlines set forth by the WCJ, even when they were extended multiple times. *See City of Philadelphia,* 730 A.2d at 1052 (upholding a WCJ's denial of an employer's request to extend the deadline for deposing its medical experts when, after multiple continuances, the employer failed to comply with the WCJ's deadline, and

finding that such a ruling did not obstruct the employer's due process rights).

### B.

Regardless, Claimant argues that her lay testimony suffices to support her claim, and therefore, that medical evidence is unnecessary. Pursuant to Section 301(c)(1) of the Act, an employer is only liable to pay a claimant's medical expenses that arise from and are caused by a work-related injury. 77 P.S. § 411(1). Initially, the claimant bears the burden of establishing that an injury is work-related. *McDonnell Douglas Truck Services, Inc. v. Workmen's Compensation Appeal Board (Feldman),* 655 A.2d 655, 657 (Pa. Cmwlth.1995). Generally, a claimant satisfies her burden by presenting unequivocal medical evidence that establishes a causal connection between the alleged injury and the work incident. *See Kurtz v. Workers' Compensation Appeal Board (Waynesburg College),* 794 A.2d 443, 447–48 (Pa. Cmwlth.2002). However, as we explained in *Kurtz,* medical evidence may not be necessary in cases where the causal connection is obvious:

An "obvious" connection involves a nexus that is so clear that an untrained lay person would not have a problem in making the connection between the new symptoms and the compensated injury; the new symptoms would be a natural and probable result of the injury . . . If, however, the connection is not obvious, then the burden will be on the claimant to establish the connection through unequivocal medical testimony.

*Id.* (internal quotations and citations omitted).

In this case, Claimant contends that her major depressive disorder and its associated symptoms began in 2007 as a result of the long-term harassment, hostile work environment, and race, gender, and

age discrimination to which she was exposed while working for Employer. Because such a connection is not obvious to an untrained layperson, medical evidence of the causal relationship is required. *See Whiteside v. Workmen's Compensation Appeal Board (Unisys Corp.)*, 168 Pa. Cmwlth. 488, 650 A.2d 1202, 1207 (1994) (explaining that when a claimant alleged injuries due to her work environment rather than a discrete incident, "the claimant was required to provide unequivocal medical testimony that her physical condition was caused by her work environment"); *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki)*, 140 Pa.Cmwlth. 461, 593 A.2d 921, 924 ("Of course, when the causal connection between the disability and work activity is not obvious, as where the injury is not attributable to a single incident, the burden is upon the claimant to establish the connection by unequivocal medical testimony."), *appeal denied*, 529 Pa. 626, 600 A.2d 541 (1991). As such, the WCJ did not err in requiring Claimant to submit medical evidence in support of her claim.

Accordingly, we affirm the Board's order upholding the WCJ's dismissal of Claimant's claim petition.

### *ORDER*

AND NOW, this 8th day of May, 2015, the order of the Workers' Compensation Appeal Board dated May 6, 2014, in the above-captioned case is affirmed.