IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cathy Brooks-McCollum,            :
                    Petitioner    :
                                  :
          v.                      :   No. 1614 C.D. 2015
                                  :   Submitted: April 15, 2016
Workers' Compensation Appeal      :
Board (The Boeing Company,        :
Indemnity Insurance Company of    :
North America and ESIS Northeast  :
WC Claims),                       :
                    Respondents   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                      FILED: July 8, 2016

          Cathy Brooks-McCollum (Claimant), *pro se*, petitions for review of
an adjudication of the Workers' Compensation Appeal Board (Board) denying her
claim petition. In doing so, the Board affirmed the decision of the Workers'
Compensation Judge (WCJ) that Claimant failed to present the medical evidence
necessary to prove that her bowel obstruction was a work injury. Claimant asserts
medical evidence on causation was not needed. Concluding this contention lacks
merit, we affirm the Board's adjudication.

          On August 26, 2013, Claimant filed a claim petition under the
Workers' Compensation Act (Act)[1] asserting that, while employed at The Boeing
Company (Employer) as a business analyst, she was attacked and harassed after

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708.

she filed an employment discrimination complaint. Claimant described her injury as "[e]xtreme stress, which resulted in medical related problems, and being hospitalized as a result." Supplemental Reproduced Record at 3b (S.R.R. ___). Claimant alleged full disability from the date she left employment, January 7, 2011, onward.

At a hearing before the WCJ, Claimant testified that, while working for Employer, she was subjected to harassment and bias because of her race. Specifically, Claimant described an incident where a white male followed behind her, cursing at her. In another incident, Claimant's supervisor, who is almost seven feet tall, followed behind her and threatened her. *Id.* Claimant stated that these incidents caused her to suffer extreme stress that led to medical problems. She left her employment on January 7, 2011. Claimant testified that she received unemployment compensation benefits and short-term disability benefits from Employer. Claimant stated that by May 2011 she had become gravely ill and was taken to the hospital to undergo surgery to correct a bowel obstruction.

Claimant offered into evidence a physician review completed by Mark Schroeder, M.D., who reviewed notes from her primary care physician, surgeon, and psychologist. Reproduced Record at 312-318 (R.R. __). In addition, Claimant offered into evidence documents she exchanged with Employer and Aetna Life Insurance Company, her Employer's short-term disability claims administrator. Employer objected on hearsay grounds to documents from people other than Claimant.

In addition, Claimant testified that her medical provider authorized her to return to work, and she advised Employer in writing of the date of her return. Further, Claimant testified that, prior to that date, she learned that she

would have been handcuffed and escorted out of Employer's facility if she returned to work because she had been written up for sending a threatening email and letter to another employee while she was on medical leave.

Employer moved to dismiss Claimant's claim petition, contending that because Claimant's petition sought benefits from January 7, 2011, ongoing, which exceeded 52 weeks, she had to submit medical evidence in the form of expert testimony.[2] Claimant failed to do so and, thus, could not proceed with her petition. Employer also argued that Claimant had not established that she was exposed to objectively abnormal working conditions. Further, although Claimant testified to the existence of racial discrimination in Employer's workplace, she did not provide any corroborating evidence to support this allegation. Finally, Employer argued that if Claimant was pursuing a mental/physical claim, she offered no evidence of a disabling physical problem or mental stress or anguish.

The WCJ, after reviewing Claimant's testimony and the documents presented by both parties, concluded that Claimant did not present medical

---

[2] Claimant sought to introduce only medical records, which Employer summarized as stating that Claimant

> was diagnosed by one physician with major depressive disorder and adjustment reaction with *possible delusions about work*. (R.[R.] 313a). Claimant's reasoning and judgment were found to be intact *except with regard to her job*. (R.[R.] 314a).
>
> Claimant's psychotherapist, Dr. Rayias, diagnosed [C]laimant with major depressive disorder and moderate to severe panic disorder without agoraphobia. (R.[R.] 314a). She noted that [C]laimant made veiled, but nonspecific threats and concluded that [C]laimant's symptoms were related to her *perceived and/or real harassment at work*. (R.[R.] 315a).
>
> Claimant also had a small bowel obstruction for which she underwent successful surgery and was capable of returning to work effective July 18, 2011. (R.[R.] 314a).

Employer's Brief at 17 (emphasis in original).

3

evidence to show a disabling mental stress injury or physical injury related to her employment. WCJ Decision, 07/21/2014, at 4; Finding of Fact No. 5. In addition, Claimant did not present testimony to corroborate her claim that abnormal working conditions led to her mental stress claim. Accordingly, the WCJ granted Employer's motion to dismiss Claimant's claim petition. Claimant appealed and the Board affirmed the WCJ's decision. Claimant then petitioned for this Court's review.

## Issues

On appeal,[3] Claimant raises seven issues: (1) whether the WCJ erred in granting Employer's motion to dismiss; (2) whether the WCJ failed to advise her of her rights, to aid her in examining or cross-examining witnesses, and to give her every assistance compatible with the impartial discharge of his duties; (3) whether her constitutional rights were violated by her denial of her discovery requests from Employer; (4) whether her constitutional rights were violated because the WCJ did not use her medical records to find facts; (5) whether Employer violated the Act when it placed her on permanent leave, paid her through short term disability, and then terminated her; (6) whether Employer's brief to the Board should have been stricken because it did not comply with the rules and contained false and misleading information which was not part of any record; and (7) whether she should have been paid workers' compensation and damages due to Employer's failure to conform to the Act.[4]

---

[3] We review orders of the Board to determine whether errors of law were made, constitutional rights were violated, and whether necessary findings of fact are supported by substantial evidence. *Ward v. Workers' Compensation Appeal Board (City of Philadelphia)*, 966 A.2d 1159, 1162 n.4 (Pa. Cmwlth. 2009).

[4] We have reorganized Claimant's issues on appeal for purposes of this opinion.

4

**Analysis**

In a claim petition, the claimant has the burden of proving all of the elements necessary to support an award. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 634 A.2d 592, 595 (Pa. 1993). The claimant must prove she sustained an injury and that the injury is causally related to work. *Karsaba v. Workmen's Compensation Appeal Board (Bethlehem Steel Corporation)*, 454 A.2d 682, 683 (Pa. Cmwlth. 1983). Where a claimant alleges workplace harassment, hostile work environment, or unlawful discrimination caused an injury and disability, the causal connection is not obvious, and medical evidence of the causal relationship is required. *Roundtree v. Workers' Compensation Appeal Board (City of Philadelphia)*, 116 A.3d 140, 144-45 (Pa. Cmwlth. 2015).

At the outset, Claimant argues that the Board erred in dismissing her claim petition because she met all the requirements to substantiate her claim and she submitted all the proper medical documentation required to establish ongoing disability. Employer responds that Claimant failed to sustain her burden because Claimant's medical records, to which Employer objected on the basis of hearsay, do not constitute substantial competent evidence upon which the WCJ could find that Claimant sustained a compensable work-related psychological or physical injury.

Claimant testified that racial harassment and physical intimidation in the workplace caused extreme stress that resulted in a bowel obstruction. Because the connection between harassment and a bowel obstruction is not obvious to an untrained layperson, medical evidence was required to establish causation.

5

Claimant's sole evidence, however, was her testimony.[5] She did not present a medical expert to testify to a workplace injury, either mental or physical, that, in turn, led to the bowel obstruction.

Because Claimant did not limit her claim to 52 weeks, she needed to present expert medical testimony to the WCJ to support the allegations in her claim petition. Section 422(c) of the Act provides, in relevant part:

> Where any claim for compensation at issue before a workers' compensation judge exceeds fifty-two weeks of disability, a medical report shall be admissible as evidence unless the party that the report is offered against objects to its admission.

77 P.S. §835.[6] At the hearing, Claimant introduced a number of documents, including a physician review prepared by Dr. Mark Schroeder, for Aetna, who reviewed Claimant's medical records to evaluate Claimant's short-term disability benefits. Employer objected to the admissibility of the report. In any case, where a claim for compensation exceeds 52 weeks the claimant must introduce expert medical testimony. Medical reports do not suffice. *See Weaver v. Workers' Compensation Appeal Board (State of the Art, Inc.)*, 808 A.2d 604, 607 (Pa. Cmwlth. 2002) ("Because his claim for compensation exceeded 52 weeks of disability, Claimant could not rely upon a medical report alone after Employer

---

[5] Even where a claimant's testimony is credited, the claimant

must provide objective evidence which is corroborative of her *perception of the events that occurred* in order to prove the existence of abnormal working conditions. The claimant's testimony alone is not sufficient.

*Heath v. Workers' Compensation Appeal Board (Pennsylvania Board of Probation and Parole)*, 867 A.2d 776, 784 (Pa. Cmwlth. 2005) (emphasis added).

[6] Section 422 was added by the Act of June 26, 1919, P.L. 642, *as amended,* 77 P.S. §835.

6

objected to its admissibility."). Claimant did not present any medical expert testimony.

This Court's decision in *Roundtree*, 116 A.3d 140, is dispositive. In that case, the claimant filed a claim petition asserting that during her employment, she sustained "[m]ajor [d]epressive disorder, recurrent, severe without psychotic features" as a result of being "exposed to long-term harassment, a hostile work environment causing her occupational disease, and race, gender, and age discrimination." *Id.* at 141. At a hearing, the claimant attempted to introduce her medical records into evidence, and the employer's counsel objected on the grounds of hearsay. The WCJ advised the claimant that medical records could be admitted if she wished to limit her claim to 52 weeks, otherwise medical testimony would be required. At the next hearing, the claimant did not provide any medical evidence. The employer's counsel moved to dismiss the case, and the WCJ granted the motion. On appeal, the claimant argued, in part, that her lay testimony was sufficient to support her claim and that medical evidence was unnecessary. This Court explained that the causal connection between the claimant's injury and employment was not obvious and, thus, medical evidence was required. This Court affirmed the order of the Board upholding the WCJ's dismissal of the claimant's claim petition.

As in *Roundtree*, Claimant needed to present medical evidence, by way of expert testimony, to support the allegations in her claim petition. Claimant did not do so and, thus, the WCJ correctly dismissed her claim petition.

Claimant also argues that Employer's actions established a causal relationship between her employment and injury.[7] It placed her on "permanent disability" status and approved her request for short-term disability benefits. Further, Claimant was awarded unemployment compensation benefits.

The receipt of short-term disability benefits under an employer's short-term disability policy does not constitute medical evidence of a work injury.[8] *See generally Holmes v. Workmen's Compensation Appeal Board (Schneider Power Corporation)*, 542 A.2d 197, 199-200 (Pa. Cmwlth. 1988) ("We conclude that an employer who pays an employee a percentage of his salary pursuant to a voluntary employee benefits program makes no admission that the employee suffered a work-related disability. Therefore, the [WCJ] did not err in placing upon [the claimant] the burden of proving that he had suffered a work-related disability."). Likewise, the determination of eligibility for unemployment compensation benefits for health reasons does not demonstrate eligibility for

---

[7] Claimant argues that she became injured and "her injury and the treatment was for the injury claimed and paid for by Employer through Short Term Disability without objection. Thus, a causal relationship was established." Claimant's Brief at 14.

[8] Pursuant to Employer's Short Term Disability (STD) Plan:

> You become disabled as a result of accidental injury, illness, or a pregnancy-related condition and your accidental injury, illness, or pregnancy-related condition prevents you from performing the material duties of your own occupation or other appropriate work the Company makes available.
>
>> You continue under the care of a physician throughout your disability. You also may be required to be examined by a physician chosen by the service representative as often as reasonably necessary to verify your disability.
>>
>> You are earning 80 percent or less of your indexed predisability earnings.

R.R. 123a-124a. Typically, a short-term disability insurance policy is not limited to work-related injuries.

workers' compensation benefits. *See Cohen v. Workers' Compensation Appeal Board (City of Philadelphia)*, 909 A.2d 1261, 1270-71 (Pa. 2006) ("[T]he determination of disability for purposes of workers' compensation benefits [is] to be made within that scheme, as opposed to by a local civil service commission."). Claimant needed to present medical evidence of her injury and medical evidence to prove a causal connection between her employment and that injury. She did not do so.

Claimant challenges the dismissal of her claim petition on grounds that she did not get a fair hearing. This challenge does not pass close inspection.

Claimant argues that the WCJ failed to advise her of her rights, aid her in examining or cross-examining witnesses, or give her assistance compatible with the impartial discharge of his duties. "[A]ny layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." *King v. City of Philadelphia*, 102 A.3d 1073, 1077 n.5 (quoting *Vann v. Unemployment Compensation Board of Review*, 494 A.2d 1081, 1086 (Pa. 1985)). The same is true in litigation of workers' compensation claims. *Griffith v. Workers' Compensation Appeal Board (New Holland North America, Inc.)*, 798 A.2d 324, 328 (Pa. Cmwlth. 2002).

Here, the WCJ advised Claimant that she had the right to legal counsel more than once during the proceedings. First, at the hearing on September 19, 2013, the WCJ advised Claimant of her right to legal counsel. Then, at the hearing on April 10, 2014, the following exchange occurred:

> [WCJ] Stokes: And you know - - I have to go through this. You know you have a right to seek counsel and have them represent you if you wanted to?

9

[Claimant]: Yes.

[WCJ] Stokes: And you've decided to go on your own; is that correct?

[Claimant]: I don't know if it is necessarily a decision, but I'm going on my own.

S.R.R. 40b. Claimant chose to represent herself and assumed the risk that her lack of legal training could affect the outcome.

Claimant also contends that she was not provided with documents in Employer's possession. The transcript from the September 19, 2013, hearing before the WCJ shows that the parties discussed the exchange of documents:

> Claimant: … even during the process [Employer] has not provided me, nor Sedgwick,[9] with anything, -- even when they were denying claims and so forth.
>
> [Employer's Counsel]: That's because they don't have anything.
>
> [WCJ] Stokes: Well, here's the problem. You're making the claim.
>
> Claimant: Okay.
>
> [WCJ] Stokes: So most of the information is within your hands, not theirs.
>
> * * *
>
> [WCJ] Stokes: They have to understand what you're claiming and they need to have the documents that support what you're claiming.

---

[9] Sedgwick Claims Management Services, Inc. is Employer's workers' compensation claims administrator.

Claimant: Okay.

[WCJ] Stokes: And until you get them that they don't have to do anything. They can just sit back and say, "No."

S.R.R. 20b, 32b. The WCJ advised Claimant that she had the burden of proof and that she needed to provide her medical documents to Employer in order for her claim to proceed. Claimant did not do so.[10]

Next, Claimant argues that the WCJ violated her constitutional rights by not considering the entire record. A capricious disregard of evidence occurs "when there is a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching a result." *Arena v. Packaging Systems Corporation,* 507 A.2d 18, 20 (Pa. 1986). The capricious disregard standard of review is "not to be applied in such a manner to intrude on the agency fact-finding role and discretionary decision-making authority." *Ward v. Workers' Compensation Appeal Board (City of Philadelphia),* 966 A.2d 1159, 1164 (Pa. Cmwlth. 2009).

Claimant contends that the WCJ capriciously disregarded her medical records because the WCJ did not upload the complete medical records, which supported her claims. Claimant's Brief at 13. At the hearing on April 10, 2014,

---

[10] Claimant also argues that the WCJ erred in denying her request for subpoenas. Claimant contends that she sought to subpoena the following individuals: "Rosemary Sedalis of Sedgwick (Medical Party), Pamela Spicknell of Boeing, Cecelia Pietrusko of **Boeing Medical**, Vivian Martin, Thomas Cerecedes, Richard Buxton **Aetna Medical**, Timothy Hanahan, Kathleen Paterson, Lorrie Smith, Richard Buxton, Priscilla Castillo and Thomas Pretchel," claiming that these individuals were "employees of [Employer]" who "participated in sharing and falsifying [Claimant's] medical files." Claimant's Brief at 50 (emphasis in original). It is not clear how this testimony would have aided Claimant. Even if the WCJ erred in denying Claimant's subpoena requests, such error was harmless. It was Claimant's failure to establish a causal connection between her employment and an injury that was fatal to her claim.

11

Claimant introduced a multitude of documents, marked C-1 through C-8.  Because she was *pro se*, the WCJ advised her that his office would upload the documents electronically onto the Bureau's system.  Therefore, the WCJ did receive the documents that Claimant submitted at the hearing.  Nevertheless, this did not relieve Claimant of the burden to present medical evidence, *by way of expert testimony*, to support the allegations in her claim petition.[11]

For the reasons discussed above, we affirm the Board's order.

_____
MARY HANNAH LEAVITT, President Judge

---

[11] Because the Board correctly dismissed Claimant's petition, we need not address Claimant's remaining arguments:  Employer violated the Act when it placed her on permanent leave, paid her through short term disability, and then terminated her; she should have been paid workers' compensation and damages due to Employer's failure to conform to the Act; and Employer's brief below should have been stricken because it did not comply with the rules.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cathy Brooks-McCollum, : 
    Petitioner : 
          :
   v. :  No. 1614 C.D. 2015
          :
Workers' Compensation Appeal : 
Board (The Boeing Company, : 
Indemnity Insurance Company of : 
North America and ESIS Northeast : 
WC Claims), : 
    Respondents : 

# **O R D E R**

AND NOW, this 8th day of July, 2016, the order of the Workers' Compensation Appeal Board dated August 12, 2015, in the above-captioned matter is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge