IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Seth R. Neustein,             :
                 Petitioner   :
                              :
         v.               :
                              :
Workers' Compensation Appeal   :
Board (PNC Financial Services   :
Group, Inc.),              :  No. 11 C.D. 2016
                Respondent :  Submitted: September 16, 2016

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE JULIA K. HEARTHWAY, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI        FILED: October 13, 2016

Seth R. Neustein (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) decision granting in part and denying in part Claimant's claim petition and terminating his benefits as of October 14, 2010. For the reasons that follow, we affirm.

**I.**

As of July 2010, Claimant was employed by PNC Financial Services Group, Inc. (Employer) as a technical support specialist II, responsible for fixing computer equipment and aiding with software problems. At that time, Claimant

was experiencing respiratory problems and was working under the restrictions imposed upon him by his primary care physician, Joseph I. Trompeter, M.D. (Dr. Trompeter). Claimant had also completed a Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654, application due to his breathing issues.

On July 23, 2010, Claimant was moving his work station to a new location which required him to disconnect and move his computer. While engaged in these activities, Claimant started coughing, collapsed to the floor and was taken to the emergency room at Allegheny General Hospital. He was treated and released the same day, but was off work through September 2010. Claimant filed a claim petition on February 14, 2013, alleging that he sustained a work-related injury, which Employer denied.

## II.

Before the WCJ, Claimant testified[1] that in the fall of 2009, there was a leak in the ceiling that dripped directly behind where Claimant sat in his cubicle. He also testified that during the summer of 2010, he experienced water damage at his home, had to rip out carpeting and padding inside his closet, and eventually moved out of the house for a period of time. Claimant began treating with Dr. Trompeter in June 2010 for coughing episodes that caused him to become short of breath. In July 2010, Claimant was working under restrictions imposed upon him by Dr. Trompeter due to his respiratory problems, including severe episodic coughing, shortness of breath and fatigue. Claimant was restricted from heavy

---

[1] Claimant also testified via deposition held on June 12, 2013.

2

lifting and working in dusty areas. Dr. Trompeter diagnosed him with a possible lung infection due to exposure to mold. Claimant told David Byers (Byers), his immediate supervisor, that his doctor told him he was deathly ill.

On July 23, 2010, Byers directed Claimant to move his office to another building, which entailed lifting and carrying heavy equipment and disconnecting equipment in a dusty area under his desk. Claimant began coughing, had pain and tightness in his chest, and had difficulty breathing. He collapsed to the floor and was taken to the hospital by paramedics. Claimant testified that while in transit to the hospital, his lungs collapsed and he was suffocating. He was admitted to the hospital, treated and released the same day. Claimant was out of work until September 2010, during which time he received his regular wages. Claimant returned to work for Employer as a project manager and since December 2010, he has been performing this job from home.[2]

Claimant has continued under the care of Dr. Trompeter since June 2010 and has also been referred to other specialists. He takes prescribed medications and engages in physical therapy sessions four to five days per week to build up his endurance. These sessions include working on an elliptical machine as well as with weights.

---

[2] Claimant stipulated that he was not seeking any disability or wage loss benefits as a result of his alleged work-related injury, and that his claim was limited to medical benefits. He admitted that he earns more now as a project manager than he did in his previous position.

Claimant submitted into evidence two narrative reports from Dr. Trompeter, dated October 9, 2013, and February 26, 2014. In the first report, Dr. Trompeter, a pediatrician, noted that Claimant began treating with him on December 10, 2003, and that Claimant was a rather healthy man until an onset of illness in June 2010 when he developed respiratory problems. As of July 8, 2010, Dr. Trompeter noted paroxysmal coughing and shortness of breath. Claimant underwent an x-ray on July 10, 2010, which was negative. Dr. Trompeter later determined that Claimant was suffering from pertussis or whooping cough, which was confirmed through testing.

Dr. Trompeter noted that it appeared Claimant's supervisor ignored the limitations the doctor placed on Claimant's physical activities and environment, as the supervisor had Claimant engage in heavy lifting in a very dusty environment. Dr. Trompeter opined that Claimant suffered an aggravating event when he collapsed at work on July 23, 2010, and from that day forward he noted a complete decrease in Claimant's ability to function. He stated, but for this incident, that Claimant's whooping cough would have cleared within weeks. In his 2014 report, Dr. Trompeter opined that Claimant's ongoing problems were a direct result of the July 23, 2010 work incident, and that Claimant was in need of extensive ongoing therapy.

Dr. Trompeter reviewed the independent medical report prepared for Employer by Gregory J. Fino, M.D. (Dr. Fino). He disagreed with Dr. Fino's conclusions that Claimant did not suffer a work-related injury and that the respiratory problems he was having were unrelated to the July 23, 2010 work

4

incident. Dr. Trompeter noted that he had been treating Claimant and was able to notice the deterioration, whereas Dr. Fino could not have done so. He further noted that Dr. Fino relied on invalid pulmonary function studies in reaching his conclusions.

Claimant also offered into evidence two medical reports authored by Joel H. Weinberg, M.D. (Dr. Weinberg), dated January 31 and August 26, 2013. In his first report, Dr. Weinberg indicated that Claimant suffered from recurrent bronchospasm and chest wall pain, and that this condition was triggered on July 23, 2010, when Claimant was exposed to dust during physical labor. Dr. Weinberg noted that Claimant needed ongoing treatment for airway reactivity after this incident. In his second report, Dr. Weinberg noted that Claimant had been under his care since March 2011. He diagnosed Claimant as suffering from costochondritis, hyperactive airway disease and, most likely, laryngopharyngeal reflux and paradoxical vocal cord motion (PVCM) disorder. Dr. Weinberg opined that these conditions were the result of Claimant's work activities on July 23, 2010. Dr. Weinberg had Claimant undergo pulmonary function studies which showed moderate airway obstruction with some response to bronchodilators.

Claimant submitted three prescription pad notes from C. Vaughn Strimlan, M.D. (Dr. Strimlan), all dated August 3, 2010. These notes indicate that Dr. Strimlan examined Claimant and noted a cough and vocal cord dysfunction. Dr. Strimlan ordered a chest x-ray and diagnosed Claimant with acute tracheobronchitis.

Dr. Fino, board certified in internal medicine and pulmonary medicine, testified on behalf of Employer. Dr. Fino examined Claimant on May 23, 2013, received a history from Claimant, and reviewed his medical records. Dr. Fino found no respiratory impairments during the physical examination and noted that evaluations of Claimant's chest sounds did not reveal any wheezing, crackles or rhonchi. He performed an x-ray on the day of the evaluation, which was normal. Dr. Fino attempted to have Claimant undergo pulmonary function studies, but those studies were invalid due to inadequate effort. Dr. Fino testified there was no reason that an individual with a pulmonary problem would not be able to complete the studies. He also attempted to perform lung volume testing and a diffusing capacity, but Claimant was not cooperative.

Dr. Fino testified that his review of Claimant's prior diagnostic studies, including chest x-rays and a CT scan, were all normal. He also found that the only valid pulmonary function study was that performed by Dr. Strimlan on October 14, 2010, which was also normal. His review of Claimant's emergency room records revealed that he was treated for acute bronchospasms, and that Claimant never had a collapsed or deflated lung. Dr. Fino stated that costochondritis has nothing to do with a lung problem and that PVCM was not a condition caused by dust exposure. Dr. Fino also testified that there was no objective testing to confirm Claimant's subjective symptoms.

Based upon his evaluation of Claimant and review of his records, Dr. Fino opined that as of the date of his evaluation, Claimant was not suffering from any respiratory or pulmonary impairment. But he also testified it was clear that

6

Claimant was suffering from some sort of respiratory problem prior to July 23, 2010. Dr. Fino admitted that, giving Claimant the benefit of the doubt, he may have suffered an aggravation of his symptomology as a result of his work activities on July 23, 2010. However, he noted that the normal pulmonary function studies performed by Dr. Strimlan on October 10, 2010, clearly established that as of that date, Claimant had recovered from any aggravation of his lung condition.

Byers testified that he was Claimant's immediate supervisor in 2010, but he was not located in the same building where Claimant worked. Byers stated, though, that Claimant was having respiratory problems at work prior to the incident as Claimant was coughing and seemed to have breathing difficulties. Claimant did not indicate to Byers that he believed his condition might have been due to wet carpet in the workplace; rather, Claimant said he thought it might be related to mold at his home due to water damage. In late June 2010, Byers called Claimant to inquire how his scheduled doctor's appointment had gone. Claimant told him that he was deathly ill and his doctor said it might be from a lung infection. Byers asked Claimant if he was serious, and Claimant responded that he was.

Byers confirmed that in July 2010, Claimant's work location was being moved and that he became aware of the fact that Claimant collapsed and was taken to the hospital by paramedics. Byers confirmed that Claimant never returned to work under him subsequent to the work incident, and that Claimant eventually returned to work for Employer in a different capacity.

7

The WCJ found Claimant to be credible in part and not credible in part. Specifically, he found that Claimant engaged in embellishments of his condition as he claimed that he had a collapsed lung, which was not supported by the emergency room records and not diagnosed by any of his physicians. Claimant also told Byers[3] prior to the July 23, 2010 incident that he had a life-threatening condition when, according to Dr. Trompeter, his respiratory problems were improving at that time.

The WCJ found the testimony of Dr. Fino to be credible, and noted that the symptomology referred to Dr. Trompeter by Claimant was embellished at times. While Dr. Trompeter attacked the foundations upon which Dr. Fino relied, he failed to offer any of his own as to why he was diagnosing such a severe condition. Despite Dr. Trompeter's assertions, Dr. Fino did not rely upon an invalid study to make his conclusions. To the contrary, Dr. Fino testified that the only pulmonary function test that was valid was the one performed on October 14, 2010. Dr. Fino relied upon this particular test, which was normal, as well as other diagnostic studies of record. The WCJ noted that he was not sure what diagnoses Dr. Trompeter and Dr. Weinberg were making.

The WCJ found, however, that Claimant met his burden of proving that he sustained a work-related injury on July 23, 2010. However, Claimant only established that he suffered a temporary exacerbation of a pre-existing condition at

---

[3] Based upon his personal observation of the witness, the WCJ found Byers to be credible.

8

that time. The WCJ further found that the evidence of record established that Claimant had fully recovered from the temporary exacerbation of his pre-existing respiratory problems as of October 14, 2010. Based on that finding, the WCJ found that Claimant was entitled to benefits commencing July 23, 2010, and continuing through October 14, 2010. Because Claimant was successful, at least in part, the WCJ found that he was entitled to reimbursement of costs. The WCJ also found that Employer met its burden of proving it had a reasonable basis to contest this matter.

## III.

Claimant appealed to the Board, arguing that the WCJ erred in finding that his injury was limited to a temporary aggravation of a pre-existing respiratory problem and that he had fully recovered from that temporary aggravation as of October 14, 2010. Claimant argued that Dr. Fino improperly relied on only one pulmonary function test, ignoring other valid and objective tests, and that he failed to address other reliably reported injuries or conditions of Claimant. He also argued that the WCJ ignored competent, uncontested evidence regarding his condition, specifically the findings and reports of Drs. Strimlan, Trompeter and Weinberg. Finally, Claimant argued that the WCJ erred in finding that Employer met its burden of proving it had a reasonable basis for contest and failing to award him attorney's fees. The Board affirmed the decision of the WCJ and this appeal followed.[4]

---

[4] In a workers' compensation proceeding, this Court's scope of review is limited to determining whether errors of law were committed, whether constitutional rights were violated, and whether necessary findings of fact are supported by substantial evidence. *Roundtree v. Workers' Compensation Appeal Board (City of Philadelphia)*, 116 A.3d 140, 143 n.4 (Pa. **(Footnote continued on next page…)**

9

# IV.

Claimant's main argument on appeal is that there is no substantial evidence in the record to support the WCJ's determinations that his work injury was limited to an exacerbation of a pre-existing lung condition and that he had fully recovered effective October 14, 2010.  In a related argument, Claimant also claims that the WCJ capriciously disregarded evidence he presented from his treating physicians.  These arguments are without merit.

It is well established that a claimant in a workers' compensation case bears the burden of proving all of the elements necessary to support an award. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 634 A.2d 592 (Pa. 1993).  This includes proving that the claimant sustained an injury during the course and scope of employment, causation, and the length or duration of the claimant's disability.  *Coyne v. Workers' Compensation Appeal Board (Villanova University and PMA Group)*, 942 A.2d 939, 945 (Pa. Cmwlth. 2008).  A claimant is no longer entitled to benefits where substantial competent evidence establishes that he had fully recovered from a temporary work-related aggravation of a pre-existing condition.  *See Bethlehem Steel Corporation v. Workmen's Compensation*

---

**(continued…)**

Cmwlth. 2015).  Substantial evidence has been defined as "such relevant evidence as a reasonable person might accept as adequate to support a conclusion.  . . .  In performing a substantial evidence analysis, this [C]ourt must view the evidence in a light most favorable to the party who prevailed before the factfinder." *Waldemeer Park, Inc. v. Workers' Compensation Appeal Board (Morrison)*, 819 A.2d 164, 168 (Pa. Cmwlth. 2003) (citation omitted).

*Appeal Board (Baxter)*, 708 A.2d 801 (Pa. 1998); *Giant Eagle, Inc. v. Workers'*
*Compensation Appeal Board (Thomas)*, 725 A.2d 873 (Pa. Cmwlth. 1999).

Here, it is undisputed that Claimant was suffering from respiratory issues, specifically, whooping cough, prior to the work incident. Claimant admits that Dr. Trompeter placed him on work restrictions due to his pre-existing condition and that he had applied for FMLA prior to the incident. Dr. Fino testified within a reasonable degree of medical certainty that Claimant, at the most, suffered an aggravation of this pre-existing condition when he was exposed to dust at work on July 23, 2010. He testified that costochondritis is an inflammation of the area where the ribs attach to the breastbone and has nothing to do with a lung problem. He also testified that Claimant's PVCM was not something that would be caused by exposure to dust at work. Dr. Fino testified that there was no objective evidence or studies to support Claimant's subjective complaints. Specifically, Dr. Fino pointed out that Claimant's only valid pulmonary function test, performed on October 14, 2010, was normal, and that Claimant had fully recovered as of that date. It is also undisputed that Claimant returned to work for Employer in a new position in September 2010, and that he earns more in this new position than he did previously.

The WCJ found the testimony of Dr. Fino to be credible and, to the extent it differed from Dr. Fino's testimony and opinions, the evidence from Claimant's treating physicians was deemed not credible. As we have stated over and over again, "[t]he WCJ, as the ultimate fact-finder in workers' compensation cases, 'has exclusive province over questions of credibility and evidentiary

11

weight.'" *A & J Builders, Inc. v. Workers' Compensation Appeal Board (Verdi)*, 78 A.3d 1233, 1238 (Pa. Cmwlth. 2013) (quoting *Anderson v. Workers' Compensation Appeal Board (Penn Center for Rehab)*, 15 A.3d 944, 949 (Pa. Cmwlth. 2010)). The WCJ is free to accept or reject the testimony of any witness in whole or in part, including a medical witness. *US Airways v. Workers' Compensation Appeal Board (Johnston)*, 713 A.2d 1192, 1195 (Pa. Cmwlth. 1998). We are bound by these credibility determinations and cannot overturn them on appeal. As such, there was substantial credible evidence in the record to support the WCJ's findings that Claimant's work injury was limited to an exacerbation of his pre-existing respiratory condition and that he had fully recovered effective October 14, 2010.

Contrary to Claimant's assertions, the WCJ did not disregard the opinions of his treating physicians – he simply found them to not be credible. Dr. Fino reviewed Claimant's prior medical records, including the reports of Drs. Strimlan, Trompeter and Weinberg, and testified as to why he did not agree with their diagnoses. This conflict in the evidence was adequately addressed in the WCJ's opinion. "Moreover, it is irrelevant whether the record contains evidence to support findings other than those made by the WCJ; the critical inquiry is whether there is evidence to support the findings actually made." *Verdi*, 78 A.3d at 1238.[5]

---

[5] Citing to *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703 (Pa. Cmwlth. 1995), Claimant argues that given the conflict in the medical evidence, the WCJ should have appointed an impartial physician to examine him and provide his own medical opinions. Because this issue was not raised before the WCJ and the Board, it is waived. *See Budd Baer, Inc. v. Workers' Compensation Appeal Board (Butcher)*, 892 A.2d 64, 67 (Pa. Cmwlth. 2006) (citation omitted).

12

Accordingly, the order of the Board is affirmed.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Seth R. Neustein,                                :
                            Petitioner    :
                                                 :
                v.                               :
                                                 :
Workers' Compensation Appeal       :
Board (PNC Financial Services        :
Group, Inc.),                              :
                            Respondent :   No. 11 C.D. 2016

**O R D E R**

AND NOW, this 13<u>th</u> day of <u>October</u>, 2016, the order of the Workers'
Compensation Appeal Board dated December 8, 2015, at No. A14-0839, is hereby
affirmed.

_____
DAN PELLEGRINI, Senior Judge