IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Annamma Jacob,                          :
                    Petitioner          :
                                        :   No.  747 C.D. 2016
        v.                              :
                                        :   Submitted:  December 9, 2016
Workers' Compensation  Appeal           :
Board (Cardone Industries, Inc. and     :
Phoenix Insurance Company),             :
                    Respondents         :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED:  April 21, 2017


        Annamma Jacob (Claimant) petitions for review of the April 20, 2016, order of the Workers' Compensation Appeal Board (Board) affirming as modified the decision of the Workers' Compensation Judge (WCJ) granting the penalties petition against Cardone Industries, Inc., and Phoenix Insurance Company (collectively, Employer).

**Facts and Procedural History**

        Claimant filed a claim petition alleging injury on September 5, 2003, to her head, neck, shoulder, left upper extremity, and left lower extremity at work when she walked past a drill press, which entangled her long hair.  (WCJ's 3/21/06 decision at pages 1-2.)   A co-worker promptly stopped the machine,  thus freeing the portion of Claimant's hair from the machine undamaged.  Employer's nurse took Claimant to

its own clinic and later a chaplain employed by Employer took Claimant to a hospital, which treated her for a cervical strain and released her to light-duty work. (*Id.*, WCJ's Findings of Fact Nos. 4-8.)

Claimant testified that she had severe pain that evening but did not seek additional treatment until September 9, 2003, when she saw a physician at Employer's clinic, Lawrence Axelrod, M.D., who prescribed physical therapy and prescription medications. Claimant was dissatisfied with her treatment and consulted her union, which referred her to a Dr. Barnett, whom she saw on September 15, 2003. Dr. Barnett released Claimant to return to work at the modified duties and discharged her to the care of Employer's clinic doctor. Nonetheless, Claimant did not report to work at the modified job until September 26, 2003. (*Id.*, Nos. 10-11, 13.)

Claimant offered deposition testimony from Sanjay Gupta, M.D., a pain management specialist who conceded he never took Claimant off work at Employer. (*Id.*, Nos. 19-20.)

Employer deposed Dr. Axelrod, who approved the light-duty work but believed she was unfit for such work because of non-work-related hypertension. (*Id.*, Nos. 12-18.)

Employer also adduced deposition testimony from Howard Levin, M.D., who examined Claimant twice on behalf of Employer. Dr. Levin diagnosed a cervical strain but found her not disabled from performing the duties of her pre-injury job. (*Id.*, Nos. 21-24.)

After extensive hearings and depositions, the WCJ found Employer's examining physician, Dr. Levin, more credible than Claimant's treating doctors, but found for the Claimant, finding she had sustained a "cervical strain injury." (*Id.*, Findings of Fact Nos. 22, 36.) The WCJ suspended benefits from September 6, 2003,

2

through September 24, 2003, then awarded partial benefits from September 25, 2003, through October 22, 2003, with benefits suspended effective October 23, 2003, and benefits terminated as of March 18, 2004. (*Id.*, Findings of Fact Nos. 37-40 and Order.)

Claimant appealed and in a May 30, 2007, opinion, the Board remanded "for a determination of whether Defendant offered Claimant employment within her restrictions prior to September 25, 2003, and for the WCJ to make any related and necessary findings of fact and conclusions of law," but affirmed in all other respects.

On June 30, 2008, the WCJ found that Employer had not offered "sufficient evidence" regarding any suitable work, and awarded Claimant total disability benefits for the period from September 6, 2003, through September 24, 2003. (WCJ's 6/30/08 Decision, Finding of Fact No. 3; Order.)

In November of 2008, Claimant filed a penalty petition, alleging untimely payment of the wage loss benefits and failure to pay "proper interest" on the back-due benefits. She sought a penalty of 50 percent. Employer filed an answer denying all material allegations of Claimant's petition.

The case was assigned to the WCJ, who held nine hearings in these proceedings (in addition to countless hearings in related litigation with the same parties), along with extensive deposition testimony and evidence submitted in excess of hundreds of pages. In the course of these hearings, the WCJ allowed Claimant extensive cross-examination of two defense witnesses, Douglas Fadden and Steven Fireoved. Claimant wanted additional cross-examination of Mr. Fadden and new cross-examination of a claims adjuster of the Employer. However, Employer sought a protective order, which was granted by order of the WCJ dated October 13, 2009.

In a related proceeding involving the same parties, the WCJ circulated a decision on December 2, 2009, denying Claimant's motion for recusal. That decision is relevant as it addressed similar issues and concerns, and was raised by Claimant in the present appeal (Claimant's brief at 9) and was responded to by Employer (Employer's brief at 17-18). Among the WCJ's findings of fact were the following:

> The Judge reasonably expects civil behavior in her courtroom and has, on at least two occasions, adjourned the proceedings after [Claimant's] counsel's failure to heed this Judge's warnings that she needed a respite from combative argument. On these occasions, [Claimant's] counsel continued to engage the judge and hold the record hostage. [references to the record not included.]

(WCJ's 12/9/09 Decision, Finding of Fact No. 17.)

In the same decision, the WCJ noted:

> Claimant's counsel defines this conduct as zealous representation; this judge regards this conduct as disrespectful and contemptuous. . . . This Judge finds it necessary to put time constraints on future depositions because it cuts down on witness badgering and harassment, such as occurred during the cross examination of Douglas Fadden and George McMillan. . . . Claimant has made a prima facie case for penalty; therefore, the request to call future witnesses such as the claims supervisor at this point is harassing and a waste of time and money.

(*Id.*, footnotes 18 and 19.)

By decision circulated December 29, 2010, the WCJ granted Claimant's penalty petition and directed Employer to: (1) pay Claimant any unpaid benefits; (2) pay interest on top of these unpaid benefits; (3) pay a 25 percent penalty on top of the benefits and interest; and, (4) pay for limited costs of Claimant's litigation. However,

4

the WCJ directed Claimant to pay her own counsel fees, concluding that Employer's contest was reasonable. (WCJ's 12/19/10 Decision, Order.)

That decision was appealed to the Board by both parties. However, the WCJ failed to submit the transcripts of testimony and the Board remanded on September 25, 2013, for re-creation of the record, including submitting the missing transcripts of the hearings and depositions. The WCJ held a hearing for this purpose and lodged the transcripts with the Board. The WCJ noted the same in a decision circulated April 16, 2015. Both parties filed protective appeals.

By order dated April 20, 2016, the Board upheld assessment of the penalty, upheld the reasonableness of Employer's contest of the proceedings, and awarded Claimant most of her costs of litigation.

Claimant then filed a petition for review with this Court. On appeal,[1] Claimant argues that: (1) the Board erred in affirming the WCJ's refusal to allow Claimant additional cross-examination of two of Employer's witnesses, which would have compelled assessment of a penalty of 50 percent instead of 25 percent; and, (2) the Board erred in affirming that same refusal of the WCJ regarding Claimant's case for counsel fees based on unreasonable contest.[2]

---

[1] Our scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214, 216 n.3 (Pa. Cmwlth. 2006).

[2] We note that Employer argues that Claimant waived any issue relating to unreasonable contest attorney fees by failing to include this issue on the appeal form submitted to the Board. While this issue was not included on the appeal form itself, Claimant did attach an addendum to that appeal form noting that the appeal related back to the WCJ's December 29, 2010 decision, which the Board remanded for re-creation of the record, and involved issues of penalties and unreasonable contest attorney fees. The addendum further explained that on remand from the

**(Footnote continued on next page…)**

## Discussion

The WCJ's duty "is to resolve the claims before him in a fair and efficient manner." *Sherrill v. Workmen's Compensation Appeal Board (School District of Philadelphia)*, 624 A.2d 240, 245 (Pa. Cmwlth. 1993). Indeed, where there has been an inordinate passage of time, even under the relatively relaxed rules of evidence and practice before WCJs, a WCJ's decision to limit the evidence or close the record is a matter of his or her discretion because "[t]he WCJ has control over when to close the record." *Coyne v. Workers' Compensation Appeal Board (Villanova University)*, 942 A.2d 939, 950 (Pa. Cmwlth.), *appeal denied*, 960 A.2d 457 (Pa. 2008).

This Court in *Sherrill* was confronted with a workers' compensation referee[3] who allowed the record to be reopened because of a significant typographical error in the transcript of the testimony of the defense medical witness. Upon the reconvening of the defense doctor's deposition, it became clear that there was no typographical error; rather, there was an "error in translation" in that the court reporter had not heard accurately what the doctor had said. 624 A.2d at 244-245. The referee denied the claim petition and the Board affirmed. This Court affirmed, holding, "We believe that the referee's action in this case had the effect of advancing

---

**(continued…)**

Board, the WCJ issued a new decision that contained no findings of fact or conclusions of law, but merely listed the documents requested by the Board; hence, the lack of information on the current appeal form and the necessity to preserve challenges related to the WCJ's 2010 decision. Thus, we cannot agree with Employer that Claimant waived any issue relating to an alleged unreasonable contest.

[3] The office of referee was changed to the office of WCJ by Public Law 190, Act 44 of 1993, as set forth in Section 401 of the Act of June 15, 1915, P.L. 736, *as amended*, 77 P.S. §701.

this goal [resolving claims in a fair and efficient manner], and thus there was no abuse of discretion. *Id.* at 245.

This Court has long held that the WCJ has discretion to control the evidence within the parameters of the rules of practice. For example, in *City of Philadelphia v. Workers' Compensation Appeal Board (Rooney)*, 730 A.2d 1051 (Pa. Cmwlth. 1999), the employer had been warned to depose its medical witnesses within 54 days of a hearing but employer failed to complete the depositions. The WCJ closed the record and subsequently granted claimant's two claim petitions. *Id.* at 1052. This Court held that the WCJ acted neither arbitrarily nor capriciously. *Id.* at 1052-53.

Moreover, WCJs are subject to the Special Rules of Practice and Procedure Before Workers' Compensation Judges (Special Rules).[4] These Special Rules direct the timing and deadlines for first hearings, discovery, scheduling of depositions, hearings for testimony, and related matters of practice to which both counsel and the WCJ must adhere. Special Rule 131.54 governs the "manner and conduct of hearings" and states as follows:

> (a) The judge will conduct fair and impartial hearings and maintain order. At the discretion of the judge, the hearings may be conducted by telephone or other electronic means if the parties do not object. Disregard by participants or counsel of record of the rulings of the judge shall be noted on the record, and if the judge deems it appropriate, will be made the subject of a written report to the Director of Adjudication together with recommendations.
>
> (b) If the participants or counsel are guilty of disrespectful, disorderly or contumacious language or conduct in connection with a hearing, the judge may suspend the hearing or take other action as the judge deems appropriate,

---

[4] 34 Pa. Code §§131.1-131.22

including the submission of a written report to the Director of Adjudication together with recommendations."

34 Pa. Code §§ 131.54(a) and (b).

In applying Special Rule 131.54, this Court has found it helpful to examine the entire record. In other words, specifically citing *Sherrill*, this Court has held under Special Rule 131.54 that it needed to ascertain whether the conduct of counsel was appropriate and whether "the WCJ exercised reasonable judgment and there was no bias in that decision." *Dille v. Workers' Compensation Appeal Board (Consol PA Coal)*, (Pa. Cmwlth., No. 1137 C.D. 2016, filed August 12, 2011) slip op. at 3.[5] There, the claimant sought to re-open the record before the WCJ in order to adduce additional testimony from the treating physician. In that termination proceeding, this Court upheld the WCJ's lenient application of the Special Rules regarding time deadlines (having already extended the time for that claimant's counsel), and held that "absent an abuse of discretion, this Court will not reverse a WCJ's decision not to reopen the record." (Slip op. at 2.) This Court in *Dille* defined "abuse of discretion" through the precedent of our Supreme Court. For example, abuse of discretion is "not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the *judgment exercised is manifestly unreasonable*, or is the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record, discretion is abused." *Kelly v. County of Allegheny*, 539 A.2d 608. 610 (Pa. 1988) (emphasis in original). A claimant must be afforded the opportunity to present evidence to support her or his case, but "the court's duty does not extend to sending the record back for an opportunity to furnish

---

[5] Pursuant to §414 of this Court's Internal Operating Procedures, this unreported decision is not precedential and is only cited for its persuasive value.

cumulative evidence to strengthen a weak case." *Cudo v. Hallstead Foundry, Inc.*, 539 A.2d 792, 794 (Pa. 1988).

Finally, a WCJ will not have abused his or her discretion when resolving the claims and running the hearings in a fair and efficient manner, even though this impeded a "tactical decision" on the part of counsel. *Haluska v. Workers' Compensation Appeal Board (Beverly Healthcare)* (Pa. Cmwlth., No. 1315 C.D. 2007, filed January 24, 2008), slip op. at 2.[6] There, claimant's counsel made a tactical decision to rely on the preliminary report of the defense medical examination instead of obtaining rebuttal evidence from claimant's own treating physician. The defense doctor, however, needed to review additional records, and once he did, he issued a supplemental report which buttressed that employer's defense of the claim petition. The WCJ set a deadline for submission of additional evidence, and nearly three months after that deadline, claimant's counsel requested that the record be reopened so that claimant could offer a report from claimant's treating physician. The WCJ denied the request as untimely, and later issued a decision denying the claim petition. The Board affirmed, as did this Court, again relying directly on this Court's *Sherrill* decision.

In the present case, the WCJ permitted extensive cross-examination of defense witnesses by Claimant's counsel. Moreover, the WCJ afforded the parties the opportunity for specially scheduled hearings which generated additional evidence. Claimant provided no basis for the need or relevancy of additional cross-examination of Fadden and Fireoved other than his generalized belief that with the same, he had a

---

[6] Pursuant to §414 of this Court's Internal Operating Procedures, this unreported decision is not precedential and is only cited for its persuasive value.

better opportunity to establish that Employer's contest was unreasonable and to increase his likelihood of a higher penalty. Based on this record the WCJ did not abuse her discretion by placing time restrictions on Claimant's counsel, who was afforded ample opportunity to complete his cross examination. Consequently, we cannot say that the WCJ abused her discretion when she declined to allow additional cross-examination of these witnesses.

Finally, we agree with the Board that the WCJ did not err in declining to assess counsel fees as Employer's contest in this matter was not unreasonable. Rather, as the Board noted, Employer's contest "focused on the genuinely disputed issues as to which of Claimant's injuries were work-related and the extent and duration of her disability, and there was no evidence that [Employer's] contest was frivolous or intended to harass Claimant. . . ." (Board op. at 15) (citations omitted).

Accordingly, the order of the Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Annamma Jacob,                          :
                   Petitioner          :
                                        :   No.  747 C.D. 2016
           v.                           :
                                        :
Workers' Compensation  Appeal           :
Board (Cardone Industries, Inc. and     :
Phoenix Insurance Company),             :
                   Respondents          :

## ***ORDER***

AND NOW, this 21st day of April, 2017, the order of the Workers'

Compensation Appeal Board, dated April 20, 2016, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge