IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Guillermo Bautista Capellan,      :
                 Petitioner      :
                                  :    No. 1012 C.D. 2021
          v.                    :
                                    :    Submitted: January 28, 2022
Ashley Holdings, Inc. (Workers'      :
Compensation Appeal Board),      :
                 Respondent      :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE LORI A. DUMAS, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                 FILED: July 28, 2022

         Guillermo Bautista Capellan (Claimant) petitions for review from the September 8, 2021 order of the Workers' Compensation Appeal Board (Board), which affirmed a decision and order of a Workers' Compensation Judge (WCJ) denying his claim petition filed against Ashley Holdings Inc. (Employer). We affirm.

**Background**

         On September 6, 2019, Claimant filed a claim petition alleging that on April 27, 2019, he sustained a low back injury with pain in both legs while lifting furniture for Employer. Claimant sought full disability benefits from September 4, 2019, and ongoing. On September 10, 2019, Employer filed an answer denying all

material averments, and the matter was assigned to a WCJ. (Reproduced Record (R.R.) at 2a-10a.)

The WCJ conducted a hearing on October 16, 2019, during which Claimant testified in person. The WCJ scheduled a final hearing for April 15, 2020; however, that WCJ retired in the interim, *i.e.*, WCJ Stapleton, and another WCJ was reassigned the case. Thereafter, and following a conference call, the WCJ received deposition testimony from Claimant, the parties' medical experts, and Jennifer Huaynate, Employer's human resources manager. After receiving all the evidence, the WCJ recounted and summarized the pertinent testimony that was submitted by Claimant as follows:

> Claimant testified before WCJ Stapleton on [October 16, 2020]. He worked for [Employer] at the time of the alleged injury loading and picking orders in the warehouse. Some furniture weighed up to 300 pounds. Claimant did not recall his exact activities on April 27, 2019, when he felt pain and reported to his supervisor, Eric Juanita. [Claimant] went to the infirmary, but [he] did not receive any further medical treatment until June[ 2019]. Until then, Claimant continued to work with pain. On May 30, 2019, Claimant lifted a chair-sized box and felt a crack and fell on his back. After reporting to Mr. Juanita, Claimant went to Urgent Care at St. Joseph's Health. Claimant returned to work with restrictions. . . . He also underwent physical therapy. Following a [Magnetic Resonance Imaging (MRI)], Claimant returned to regular duty [work]. He continued to complain about back pain and leg pain[, but] [n]othing was done to address his complaints. [Employer's] adjuster[] told Claimant his claim had been closed. He last treated at Work Care at St. Joseph's on July 18, 2019. Claimant last worked for [Employer] on September 4, 2019, when [Employer] fired him for not meeting his performance quota. . . . Claimant currently receives physical therapy three times weekly.

2

When questioned by WCJ Stapleton, Claimant clarified his pain started in his back and then progressed to both legs along with tingling down to his ankles.

Sande R. Jacobson, D.C., testified by deposition on December 16, 2019. Dr. Jacobson first examined Claimant on September 3, 2019. Claimant presented with low back pain and no complaints of leg discomfort. After examination, Dr. Jacobson diagnosed Claimant with low back pain, muscle spasm, lumbago with sciatica, and neuralgia paresthetica. As of [September 3, 2019], Dr. Jacobson did not know if Claimant was working. A [October 21, 2019] [Electromyography (EMG)] indicated right L5 radiculopathy. Dr. Jacobson opined Claimant is not capable of returning to work as of September 3, 2019. He continued that opinion as of his last examination [of Claimant] in December 2019.

Daphne Golding, M.D., testified by deposition on March 30, 2020. Dr. Golding is board certified in physical medicine and rehabilitation. She evaluated Claimant on October 21, 2019, on referral from [another doctor] for evaluation and electrodiagnostic testing. Claimant related two instances of lifting at work on April 27 and May 30, 2019. The balance of the history provided by Claimant is consistent with his testimony outlined above. Dr. Golding diagnosed Claimant with an L4-5 disc bulge, L5-S1 annular tear with herniation, and right L5 radiculopathy and S1 pain.

. . . .

Claimant also offered deposition testimony from Dr. Michael Yuz, the radiologist who reviewed an MRI study done on [January 30, 2020]. [Employer] offered deposition testimony from S. Ross Noble, M.D., and [] Huaynate. For reasons discussed below, it is not necessary to summarize [the testimonies of] these witnesses.

(R.R. at 304a-06a) (footnotes and emphasis omitted).

In assessing the credibility of the testimonies proffered by Claimant, Dr. Jacobson, and Dr. Golding, the WCJ determined as follows:

3

Claimant's testimony is not credible. He could not recall his activities at the time of his alleged injury in April [2019]. During his testimony before WCJ Stapleton, Claimant did not discuss the specific symptoms he allegedly reported to his supervisor until WCJ Stapleton sought clarification. Claimant did not seek any medical treatment until two months later. Even during his deposition, Claimant [did] not really explore or explain his symptoms. Throughout his . . . testimony, Claimant [was] a poor historian.

Dr. Jacobson's deposition testimony is not credible regarding any causal connection between Claimant's medical condition and the alleged date of injury. He did not examine Claimant until September 3, 2019, approximately five months after the alleged April 2019 injury. [Dr. Jacobson's] conclusions are based in part on information from Claimant, [the] testimony [of which] is rejected as not credible. Despite Claimant's complaints of leg pain and tingling, Dr. Jacobson did not relate any such complaints from Claimant although he diagnosed Claimant with sciatica. The history Dr. Jacobson related during his testimony is not consistent with Claimant's testimony regarding the alleged [April 27, 2019] injury date. In fact, the history relates [to] Claimant's testimony of what happened in May 2019. Furthermore, Dr. Jacobson [did] not even testify as to the date of injury, and he did not know if Claimant was working or not as of his initial examination.

Dr. Golding's deposition testimony is not credible regarding any causal connection between Claimant's medical condition and the alleged date of [the] injury. Her understanding of Claimant's history comes from Claimant personally. Since Claimant's testimony is rejected as not credible, Dr. Golding's understanding of Claimant's history is based on information from Claimant [and,] [a]bsent some independent information, Dr. Golding's understanding of the history is also incredible. Furthermore, her diagnosis conflicts with Dr. Jacobson's diagnosis.

*Id.* at 305a-06a.

In the "Discussion" section of his decision, the WCJ correctly observed that a claimant bears the burden of proof in a claim petition proceeding and must establish, among other things, that he/she sustained an injury in the course of his/her employment and the injury is related to that employment. In denying Claimant's claim petition, the WCJ reasoned as follows:

> In the instant case, Claimant has not met his burden to prove that he suffered an injury at work. His testimony is not credible. It is the only evidence of the occurrence of the alleged injury. Both Dr. Jacobson's and Dr. Golding's understanding of the injury is based on Claimant's incredible history; therefore, they cannot independently offer any evidence to establish the occurrence of the injury. Dr. Jacobson does not even know about any alleged April 27, 2019 incident, and he did not testify to any date of injury.
>
> This [WCJ] does not question the conclusions of Dr. Jacobson or Dr. Golding regarding Claimant's physical condition; however, the lack of credible evidence of Claimant's condition being caused by an incident at work as alleged in the [c]laim [p]etition dictates that the [c]laim [p]etition must be denied and dismissed. Given [that] the burden of proof rest[s] with Claimant[,] and [Claimant] fail[ed] to meet this burden with his evidence, it is not necessary to discuss the responsive evidence and witness testimony offered by [Employer].

*Id.* at 307a.

From all of this, the WCJ issued a finding of fact, determining that "[t]here is no credible evidence that Claimant suffered an injury at work on April 27, 2019," and a conclusion of law, stating that "Claimant failed to meet his burden of proof . . . by not submitting credible evidence of a causal connection between his

physical condition [and] the alleged April 27, 2019 incident at work." *Id.* at 306a-07a.[1]

Thereafter, Claimant appealed to the Board, arguing that the WCJ erred in failing to review the testimony of record and did not issue a reasoned decision. In rejecting these arguments, the Board stated:

> Because the WCJ rejected [Claimant's] testimony as to the very occurrence of a work injury, he could not meet his burden of proof. Claimant argues that there is no support for the ruling that there was no work injury because no lay or medical witness presented by [Employer] testified there was no injury. This contention ignores the fact that the burden in this proceeding was on Claimant. Claimant asserts that the WCJ never had the opportunity to observe him testify. While correct, the WCJ did not simply make a demeanor[-]based assessment of Claimant's credibility but provided objective reasoning for his determination. The WCJ chose to reject Claimant's testimony as to the occurrence of a work-related injury and rendering credibility determinations is the quintessential function of the fact finder. We further note that a medical opinion purporting to establish the occurrence of a work injury based on a claimant's testimony that was rejected would be of no value. With his contentions, Claimant is essentially asking us to reweigh the evidence, which we cannot do.
>
> As the [WCJ's] [d]ecision contains necessary findings of fact and is capable of meaningful appellate review, we reject the contention that it is not reasoned. There is no indication that the WCJ ignored relevant testimony.

---

[1] Although the structure and format of the WCJ's decision and order appears to diverge from the standard layout that this Court is most familiar with, in that it is separated into five different sections, "Record," "Witness Testimony and Credibility Determinations," "Findings of Fact," "Discussion," and "Conclusions of Law," Claimant does not assert that the composition of the decision has impeded his ability to advance meaningful arguments before the Board or this Court.

6

R.R. at 316a-17a (internal citations omitted). Accordingly, and for these reasons, the Board affirmed the order of the WCJ. Claimant then filed a petition for review with this Court.[2]

**Discussion**

Claimant argues that the Board erred in affirming the WCJ because he went to Employer's infirmary, received treatment, and later worked with restrictions. Claimant further contends that no fact or medical witness testified that he did not sustain an injury and maintains that "no other incident or condition accounts for the disability." (Claimant's Br. at 15.) As such, according to Claimant, there was no competent medical or factual evidence in the record to support the WCJ's finding that no work-related injury had occurred. In this vein, Claimant suggests that the WCJ should have credited the testimonies of Claimant and his experts and, further, failed to issue a reasoned decision explaining why he chose not to.

Initially, we observe that it is the claimant who bears the burden of proving all elements necessary to support an award of workers' compensation benefits, namely that the claimant sustained an injury in the course of employment and the injury is causally related thereto. *Lewis v. Workers' Compensation Appeal Board (Andy Frain Services, Inc.)*, 29 A.3d 851, 861 (Pa. Cmwlth. 2011). Where the causal relationship between the work incident and the injury is not obvious, unequivocal medical evidence is necessary to establish that relationship. *Roundtree*

---

[2] Our scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214, 216 n.3 (Pa. Cmwlth. 2006).

7

*v. Workers' Compensation Appeal Board (City of Philadelphia)*, 116 A.3d 140, 145 (Pa. Cmwlth. 2015).

Moreover, pursuant to section 422(a) of the Pennsylvania Workers' Compensation Act (Act),[3] 77 P.S. §834,[4] a WCJ must issue a "reasoned decision" that adequately explains the reasons for rejecting or discrediting competent evidence in order to permit adequate appellate review. *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 828 A.2d 1043, 1047 (Pa. 2003). The purpose of the reasoned decision requirement "is to spare the reviewing court from having to imagine why the WCJ believed one witness over another." *Dorsey v. Workers' Compensation Appeal Board (Crossing Construction Co.)*, 893 A.2d 191, 194-96 (Pa. Cmwlth. 2006). Where, as here, witnesses testify only by deposition, the WCJ must articulate an actual objective basis for the credibility determination in order to satisfy the reasoned decision requirement. *Daniels*, 828 A.2d at 1053.

Here, the WCJ found, as a matter of fact, that Claimant failed to satisfy his burden of proving that he sustained a work-related injury. This finding, in turn, was based on the WCJ's credibility determinations. More specifically, the WCJ rejected (1) the testimony of Claimant because Claimant had difficulty recalling the event(s) that gave rise to his alleged injury in April 2019 and, further, the nature and

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.1, 2501-2710.

[4] Section 422(a) of the Act provides, in pertinent part:

> All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached.

77 P.S. §834.

8

extent of his injury; (2) the testimony of Dr. Jacobson because he examined Claimant approximately five months after the alleged April 2019 injury, testified in a manner that was inconsistent with Claimant's testimony, and was unaware of the date of the injury; and (3) the testimony of Dr. Golding because it was dependent on Claimant's testimony, which was found to be not credible, and conflicted with the testimony of Dr. Jacobson. In light of these explanations, we conclude that the WCJ articulated adequate and objective reasons for deciding not to credit the testimonies of Claimant and his medical experts. *See Daniels*, 828 A.2d at 1053 (explaining that the reasoned decision requirement is met where an expert witness's opinion is rejected on the ground that it is based upon erroneous factual assumptions or where the expert examined the claimant in an untimely fashion vis-à-vis the date of the injury); *Schauer v. Workers' Compensation Appeal Board (Schauer Physical Therapy, Inc.)* (Pa. Cmwlth., No. 1323 C.D. 2014, filed April 23, 2015) (unreported), slip op. at 7 (concluding that the WCJ issued a reasoned decision for rejecting the claimant's testimony where the claimant "d[id] not know how the injuries occurred").[5] Consequently, substantial evidence exists to support the WCJ's credibility determinations and, also, his finding of fact and ultimate legal conclusion that Claimant failed to carry his burden of proof. *See Amandeo v. Workers' Compensation Appeal Board (Conagra Foods)*, 37 A.3d 72, 81-82 (Pa. Cmwlth. 2012) (concluding that the WCJ did not err in denying the claimant's claim petition where "the WCJ issued factual findings supported by substantial evidence," "based those findings upon credibility determinations supported by objective reasons," and

---

[5] We cite *Schauer* for its persuasive value in accordance with section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

"[t]hose findings, in turn, support[ed] the WCJ's conclusion that [the claimant] failed to satisfy his burden of proof").

Claimant also contends that the WCJ erred in not describing or discussing the testimonies of Huaynate, Employer's experts, and Claimant's rebuttal expert, Dr. Yuz. However, contrary to Claimant's contentions, section 422(a) of the Act "does not require the WCJ to address all of the evidence presented in a proceeding in [his] adjudication." *Montgomery Tank Lines v. Workers' Compensation Appeal Board (Humphries)*, 792 A.2d 6, 13 n.10 (Pa. Cmwlth. 2002). "Rather, the WCJ is only required to generally set forth the reasons for making the finding and is only required to make those findings necessary to resolve the issues that were raised by the evidence and which are relevant to making the decision." *Id.*; *see Pryor v. Workers' Compensation Appeal Board (Colin Service Systems)*, 923 A.2d 1197, 1202 (Pa. Cmwlth. 2006). Here, the burden of proof remained with Claimant throughout the proceedings and never shifted to Employer. Therefore, the above-mentioned testimony was effectively irrelevant, and the WCJ's findings of fact were sufficient to resolve the issues presented in this case.

Accordingly, having concluded that the WCJ did not err in denying Claimant's claim petition, we affirm the order of the Board.

_____
PATRICIA A. McCULLOUGH, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Guillermo Bautista Capellan,        :
              Petitioner     :
                           :  No.  1012 C.D. 2021
           v.           :
                           :
Ashley Holdings, Inc. (Workers'   :
Compensation Appeal Board),    :
              Respondent  :

## *ORDER*

        AND NOW, this 28th day of July, 2022, the September 8, 2021 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge